UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HALE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV01490 AGF |
| ) | |
| WHOLE FOODS MARKET GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This employment discrimination matter is before the Court on two motions related to discovery filed by Plaintiff Michael Hale. Plaintiff, an African-American male, was employed by Defendant at the Whole Foods store located in Town and Country, Missouri, from June 2008 until his termination in November 2010. He alleges in his complaint that during the course of his employment, he was subjected to racial discrimination, racial harassment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981.

More specifically, in Count I he asserted that Defendant "established a pattern and practice of racial discrimination" against Plaintiff and other African-Americans, in that "African-American employees were not afforded the same opportunities for advances and pay increases as their non-African-American counterparts." The only facts alleged by Plaintiff as supporting this claim were that in July 2010 he complained about the above to management and was told that he would be contacted about his claim but never was. In

Count II, for racial harassment, Plaintiff alleges that in March 2010 another employee of Defendant (James Schmidt) made racially derogatory comments and was not disciplined after the matter was brought to the attention of Defendant. And Count III asserts that after Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") in October 2010, he was suspended and then terminated in retaliation for filing the charge.

Plaintiff testified by deposition (Doc. No. 59-1) that he was hired to work on the store's "grocery team," whose main job was to stock shelves. He testified to the actions which he believed supported his discrimination claims, as follows: (1) after his performance review in June 2009, he received a lower pay raise ($.27/hour) than his other team members, including at least two who were white; after he spoke to a supervisor about his raise it was adjusted to $.50/hour, bringing his pay to $9.50/hour, a rate he thought was fair; and after his performance review in September 2010, he was awarded a $.30/hour raise while white team members received a $1.00/hour or $.75/hour raise; (2) in December 2009, he was required to end his shift early one day for refusing to do a job assigned to him by a supervisor; he recalled an occasion when a non-African-American employee was not sent home after refusing an assigned task; (3) in 2010, he was told about two racially offensive comments ("All black people want for dinner is chicken and watermelon," and when seeing black children in the store, "You know how to avoid having children with a black woman – you pull out") made by Schmidt at Defendant's store at the Galleria in St. Louis County where Schmidt worked and Plaintiff shopped; Plaintiff felt the statements

were discriminatory to all black men and he was hurt that Schmidt was not fired after Plaintiff reported the matter to human resources, and was further hurt by the Galleria store manager Brain Gurley's comment that Schmidt was not a racist because he listened to rap music; and (4) Plaintiff was terminated in retaliation for filing a charge of discrimination with the EEOC.

Pursuant to the Case Management Order entered on May 9, 2013, discovery was to be completed by December 10, 2013, and case dispositive motions were to be filed by December 16, 2013. Trial was set for May 12, 2014. In late November 2013, each side filed a motion to compel discovery. As neither motion contained a statement required by Local Rule 3.04 that counsel conferred with opposing counsel in an effort to resolve the discovery dispute, the Court denied both motions on December 19, 2014, "without prejudice to the right to file renewed motions to compel, if needed." No such motions were filed by April 10, 2014, at which time Defendant filed a motion, in which Plaintiff consented, to continue the trial date. Defendant explained that Plaintiff's attorney contacted Defendant's attorney because she wished to seek a continuance of the trial date, and Defendant advised that it did not object. This was due in part to problems the parties had had completing discovery, including the scheduling of Plaintiff's deposition. Defendant also filed a motion, to which Plaintiff objected, for leave to file a motion for summary judgment out of time.

The basis for the motion for leave to file a motion for summary judgment out of time was that Plaintiff had delayed his availability for being deposed until March 14, 2014, and

3

it was not until the deposition was taken that Defendant became aware of the bases it believes entitle it to summary judgment. In response, Plaintiff argued the merits of why summary judgment should be denied and did not address the reasons Defendant set forth for leave to file such a motion out of time.

By Order dated April 24, 2004, the Court granted both motions. The Court reset the trial for October 14, 2014, and granted Defendant up to May 12, 2014, to file a motion for summary judgment. The Court gave Plaintiff up to May 1, 2014, to inform the Court what, if any, further discovery he wished to conduct, and what, if any, prior discovery he wished to move to compel. The Court stated that it would then make a determination with respect to any such requests by Plaintiff.

On May 1, 2014, Plaintiff filed both a motion to compel and a motion to supplement discovery. Much of the supplemental discovery sought (Doc. No. 53) relates to Schmidt, including taking the depositions of four supervisory employees of Defendant, and obtaining extensive information about Schmidt's employment history with Defendant. Plaintiff explains that Schmidt's "statements are the primary focus of this litigation" in that by tolerating Schmidt's behavior, Defendant "created a hostile work environment." Other requests for supplemental discovery are far-reaching, such as a list of all employees hired and fired at the Town and Country and Galleria stores from June 2008 to the present, and their ethnicity and promotion histories. Plaintiff also seeks all job performance evaluations for seven present or former employees of Defendant who Plaintiff states "were involved with" him "in regard to this case." Plaintiff does not explain why the discovery

4

he now seeks was not pursued earlier, within the time permitted by the Case Management Order.

Plaintiff's motion to compel seeks a Court Order compelling Defendant to produce documents such as a statistical breakdown by race and gender of Defendant's personnel at the Town and Country and Galleria stores from 2008 to 2013; a copy of the entire file on the Diane Lewis case -- a racial discrimination case brought in September 2010 by customers of Defendant, involving Gourley; a copy of all the raises of employees who were similarly situated to Plaintiff at both stores; the job performance evaluation of each employee that has taken part in this case; a copy of all emails and communications between all employees of Defendant, as well as of any attorneys, who participated in the handling of the case; and a list of all racial and sexual harassment cases brought against Defendant.

Defendant responds that there is no justification for allowing Plaintiff to reopen discovery at this point, several months after the close of discovery set by the Case Management Order, and that Defendant would be prejudiced if Plaintiff were allowed to do so after its motion for summary judgment has been filed. Defendant also responds that it already produced a roster of team members, by race and department, who were employed at the Town and Country store on the day Plaintiff was terminated; the raise history of the plaintiff's fellow team members who were supervised by the same team leader in the year that the plaintiff complains that he received a smaller raise; and all responsive documents to Plaintiff's request for all memos or electronic documents that pertain to the Plaintiff's claims. Defendant asserts that the other requests in the motion do not accurately reflect

5

the discovery requests themselves, and/or are overbroad or seek irrelevant information. Defendant points out that Plaintiff's counsel did not confer with Defendant's counsel prior to filing the new motion to compel and the motion does not contain a statement that this occurred, as required by local rule. Plaintiff has not filed a reply.

## DISCUSSION

Parties to a dispute may discover "any nonprivileged matter relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The court must limit discovery, however, when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id*. Rule 26(b)(2)(C)(ii). The liberality of Rule 26 "should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc*., 981 F.2d 377, 380 (8th Cir. 1992) (citation omitted).

Plaintiff's motions will be denied in large part for several reasons. First, the Court agrees with Defendant that nothing in the record justifies reopening discovery in contravention of the Case Management Order. Plaintiff's reading of the Court's Order of April 24, 2004, to mean that there was no longer a discovery deadline is unfounded. Allowing Defendant to file a motion for summary judgment out of time in this case was justified by the lateness of Plaintiff's availability for a deposition. Granting that leave is

quite different from reopening and allowing the supplementation of discovery in a broad manner.

Second, Plaintiff has not included a Local Rule 3.04 statement with his motion to compel. And third, the Court agrees with Defendant that much of the discovery sought is overbroad in light of Plaintiff's viable claims for relief, which are those claims that involve acts of discrimination directly affecting him. The Court, however, will grant Plaintiff an extra seven days to respond to Defendant's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Compel Discovery is **DENIED**. (Doc. No. 51).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Discovery is **DENIED**. (Doc. No. 53).

**IT IS FURTHER ORDERED** that Plaintiff shall have an extension of time, up to and including **June 12, 2014**, to respond to Defendant's motion for summary judgment.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2014.